IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| I. STEPHAN BLOCH | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv318 |
| GAROD GARRISON, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff I. Stephan Bloch, a former inmate, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Case Manager Garod Garrison, Unit Manager R. A. Smith, Warden Marvin D. Morrison, Regional Director Ronald G. Thompson, and National Inmate Appeals Administrator Harrell Watts. The defendants are employees of the Federal Bureau of Prisons.

Factual Background

Plaintiff complains that he was exposed to environmental tobacco smoke ("ETS") while he was confined at the federal prison in Beaumont, Texas. When plaintiff was first assigned to the Beaumont prison, prisoners were allowed to smoke in designated smoking rooms in each of the housing units. In April of 2003, the prison adopted a new policy banning smoking in the housing units. Plaintiff contends that the smoking rooms were closed, but inmates began smoking in bathrooms and sleeping areas, in violation of prison policy. Plaintiff contends he was exposed to ETS from the time the new policy was enacted, until he was released from federal custody on December 23, 2003.

## The Motion to Dismiss

The defendants have moved for dismissal pursuant to Rule 12(b)(6). The defendants contend that plaintiff's alleged exposure to environmental tobacco smoke does not rise to the level of a constitutional violation.

## Standard of Review

A complaint may be dismissed for failure to state a claim if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

## Analysis

In *Helling v. McKinney*, the United States Supreme Court established a two-prong test to determine whether exposure to environmental tobacco smoke violates a prisoner's Eighth Amendment right to be free from cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). First, plaintiff must prove objectively that he is being exposed to unreasonably high levels of environmental tobacco smoke.[1] *Id.* at 35. In assessing the first factor, the court must inquire into the seriousness of the potential harm and the likelihood that environmental tobacco smoke will actually cause such harm. *Id.* at 36. The court must also assess whether society

[1] With respect to the objective factor, the court found it relevant that plaintiff had been assigned to a new prison and was no longer the cellmate of a five-pack-a-day smoker. *Helling*, 509 U.S. at 35.

considers the risk to be so grave that it violates contemporary standards of decency to expose someone unwillingly to such a risk. *Id*. Under the second prong of the test, plaintiff must show that the defendants acted with deliberate indifference in exposing him to level of environmental tobacco smoke that posed an unreasonable risk of serious damage to his future health. *Id.* at 35.

The Fifth Circuit has recognized potential environmental tobacco smoke claims where exposure to tobacco smoke was severe and sustained, such as when the plaintiff shared living quarters with a smoker or was required to work in a smoke-filled environment. *Whitley v. Hunt*, 158 F.3d 882, 887-88 (5th Cir. 1998); *Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir. 1997). However, the Fifth Circuit rejected an environmental tobacco smoke claim where the plaintiff was exposed to tobacco smoke on bus rides to and from work. *Richardson v. Spurlock*, 260 F.3d 495, 498-99 (5th Cir. 2001) (holding that sporadic and fleeting exposure to second-hand smoke does not constitute unreasonably high levels of environmental tobacco smoke, even if it causes discomfort such as coughing and nausea).[2]

In this case, plaintiff alleges he was intermittently exposed to environmental tobacco smoke when inmates occasionally smoked in the housing unit, in violation of prison policy. This limited exposure to smoke does not rise to the unreasonably high level of environmental tobacco smoke necessary to state an Eighth Amendment claim. Nor does it violate contemporary standards of decency. Therefore, plaintiff has failed to state a claim upon which relief may be granted.

---

[2] The Fifth Circuit also cited with approval *Oliver v. Deen*, 77 F.3d 156 (7th Cir. 1996), in which the Seventh Circuit rejected an Eighth Amendment claim where an asthma sufferer alleged that sharing a cell with a smoker for 133 days caused him to wheeze, gasp for breath, and suffer from dizziness and nausea. *Richardson*, 260 F.3d at 499.

ORDER

In accordance with the foregoing, it is **ORDERED** that the defendant's motion to dismiss for failure to state a claim is **GRANTED**. A final judgment will be entered in accordance with this Memorandum Opinion and Order.

**SIGNED** this the **10** day of **March, 2006.**

Thad Heartfield
United States District Judge